IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERVIL ST. LOUIS a/k/a ST. LOUIS GERVIL, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A.; a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; and JOE DOE SEVEN, <br><br> Defendants, <br><br> v. <br><br> TERESA BUEHLER, <br><br> Respondent. | SOUTHERN DISTRICT OF ILLINOIS <br> CIVIL ACTION NO. 16-MC-00018-DRH <br><br> DISTRICT OF CONNECTICUT <br> LEAD CIVIL ACTION NO. 3:13-CV-01132-RNC <br><br> CONSOLIDATED WITH: <br> 3:13-CV-1225      3:13-CV-1640 <br> 3:13-CV-1269      3:13-CV-1641 <br> 3:13-CV-1437      3:13-CV-1642 <br> 3:13-CV-1480      3:13-CV-1644 <br> 3:13-CV-1626      3:13-CV-1645 <br> 3:13-CV-1627      3:13-CV-1647 <br> 3:13-CV-1628      3:13-CV-1648 <br> 3:13-CV-1629      3:13-CV-1701 <br> 3:13-CV-1630      3:13-CV-1767 <br> 3:13-CV-1631      3:13-CV-1768 <br> 3:13-CV-1632      3:13-CV-1769 <br> 3:13-CV-1634      3:13-CV-1881 <br> 3:13-CV-1635      3:13-CV-1906 <br> 3:13-CV-1636      3:13-CV-1907 <br> 3:13-CV-1637      3:14-CV-0125 <br> 3:13-CV-1638      3:14-CV-0668 <br> 3:13-CV-1639      3:14-CV-0815 |

**AGREED PROTECTIVE ORDER**

This miscellaneous action is before the Court on Respondent Teresa Buehler's Motion to Quash Subpoena or, in the Alternative, for a Protective Order (Doc. 1). The Court, having heard the parties' arguments on that motion, now enters its Agreed Protective Order as follows:

WHEREAS, the Court finds as follows:

This miscellaneous action arises out of approximately 34 consolidated cases, the lead case of which is styled *Gervil St. Louis a/k/a St. Louis Gervil v. Douglas Perlitz, et al.* (civil action no. 3:13-cv-01132-RNC) (the consolidated cases are together referred to as the "**St. Louis Cases**"), pending before the Hon. Robert N. Chatigny, U.S.D.J., in the United States District Court for the District of Connecticut; and

Respondent Teresa Buehler is a licensed clinical social worker who is not a party to the St. Louis case; and

On or about February 23, 2016, counsel for Plaintiffs in the St. Louis Cases served Ms. Buehler with a subpoena commanding her to appear for a deposition for the purpose of examining her about the substance of communications she had with Father Paul E. Carrier, a defendant in the St. Louis Cases, in her capacity as a licensed clinical social worker; and

On April 4, 2016, Ms. Buehler initiated this miscellaneous action in this Court pursuant to Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure and filed her Motion to Quash Subpoena or, in the Alternative, for a Protective Order (the "Motion") on the grounds that her communications with Father Carrier may have been subject to the federal psychotherapist-patient privilege recognized by *Jaffee v. Redmond*, 518 U.S. 1 (1996) and that these communications were subject to the provisions of the Health Insurance Portability and Accountability Act of 1996;

On June 2, 2016, this Court heard Ms. Buehler's Motion. Counsel for Plaintiffs and Ms. Buehler appeared at the hearing in person, and counsel for Father Carrier appeared by telephone; and

At the hearing, the Court found that Father Carrier's communications with Ms. Buehler are not privileged under *Jaffee*, and, in a minute order dated June 2, 2016, denied the Motion. The order further declared that Ms. Buehler's deposition would be subject to the confidentiality order in place in the St. Louis Cases; and

During the hearing of the Motion, the parties before the Court advised it that they would reach an agreement on the terms of a protective order governing the confidentiality and scope of Ms. Buehler's deposition.

NOW THEREFORE, by agreement of Plaintiffs in the St. Louis Cases, Father Paul E. Carrier, and Respondent Teresa Buehler, the Court hereby orders as follows:

1. Respondent Teresa Buehler shall appear for a deposition pursuant to Plaintiffs' subpoena at a date and time that are mutually agreeable to the parties.
2. The scope of Ms. Buehler's deposition pursuant to Plaintiffs' subpoena in the St. Louis Cases shall be limited to matters relevant to, or likely to lead to the discovery of relevant evidence concerning, the allegations in the St. Louis Cases.

3. At her deposition, Ms. Buehler shall produce documents in her possession that mention or otherwise pertain to Father Paul E. Carrier, which shall include the following documents:

   a. Ms. Buehler's August 12, 2008 Psychosocial Assessment concerning Father Carrier;

   b. Ms. Buehler's handwritten notes concerning Father Carrier;

   c. A questionnaire titled Reflections on Your Spiritual Journey, which Father Carrier completed;

   d. A Psychosocial Questionnaire, which Father Carrier completed; and

   e. An undated memorandum concerning Father Carrier from Father Thomas J. Regan, S.J. to Paul Midden, M.D. of the St. Louis Consultation Center.

4. Any information and documents that Ms. Buehler provides at her deposition, and the transcript of her deposition and any exhibits to it, shall be designated CONFIDENTIAL pursuant to the September 19, 2013 Standing Protective Order entered in the St. Louis Cases and shall be subject to the terms of that Order, a copy of which is incorporated herein as **Exhibit 1**.

5. With respect to the transcript of Ms. Buehler's deposition, any exhibits to it, any documents she produces in connection with her deposition, and all copies of the foregoing materials, Plaintiffs in the St. Louis Cases shall be deemed the "producing party" and/or "the party that produced the

Designated Material" pursuant to paragraph 16 of the Standing Protective Order incorporated herein as Exhibit 1.  Plaintiffs' counsel shall be responsible for ensuring that the transcript of Ms. Buehler's deposition, any exhibits to it, any documents she produces in connection with her deposition, and all copies of the foregoing materials are destroyed pursuant to paragraph 16 of the Standing Protective Order upon final termination of the St. Louis Cases and all associated, unconsolidated actions.

**IT IS SO ORDERED.**

Signed this 27th day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.27 15:15:36 -05'00'

**United States District Judge**